IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EVANS, Jr.,

        Plaintiff,                    No. CIV S-10-2453 GGH P

    vs.

EDMUND G. BROWN, Jr., et al.,

        Defendants.             ORDER

_____/

        This action commenced on February 10, 2010, in the Northern District of California. However, only as of September 10, 2010, has the case been transferred to this court. This case has been construed as an action pursuant to 42 U.S.C. § 1983; the docket indicates that plaintiff, a state prisoner incarcerated at California State Prison - Corcoran, has had his request to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, granted. Docket # 17. Plaintiff has consented to the jurisdiction of the undersigned. Docket # 29.

        Plaintiff seeks to proceed not on the original filing dated February 10, 2010, but on a later incarnation, filed on March 24, 2010. Docket # 9. This court will construe the entry at docket # 9, denominated "complaint" to be an amended complaint filed by plaintiff, find that it supersedes the original and proceed to screen the amended complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
2  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
3  1843 (1969).

   Plaintiff names as defendants in his amended complaint: California Attorney General Edmund G. Brown, Jr.; California Department of Corrections and Rehabilitation (CDCR) Matthew Cate; California State Prison- Corcoran (CSP-Cor) Warden Raul Lopez; and Governor Arnold Schwarzenegger. Amended Complaint (AC), docket # 9, pp. 1-3. Plaintiff claims that defendant Brown illegally circumvented a court order, on November 1, 2007, by issuing erroneous and fraudulent information to CDCR officials to unlawfully detain plaintiff in prison after his sentence had been vacated and remanded by the Sixth District Court of Appeals on May 30, 2007, in Case No. HO29616. Id. at 3. Plaintiff also claims that defendant Cate has been detaining him since May 30, 2007, without a lawful abstract of judgment from a superior court setting forth his sentence [or re-sentence]. Id. at 3, 5. Plaintiff alleges that defendant Lopez is currently housing plaintiff at CSP-Corcoran, subjecting him to punitive CDCR policies, actions and decisions without a lawful abstract of judgment showing his sentence. Id. at 5. Plaintiff's claim as to defendant Schwarzenegger is that, as governor, he oversees all state agencies and is legally responsible for ensuring that state facilities and agencies comply with state and federal laws. Id. Plaintiff claims that defendant Schwarzenegger has been aware of the civil rights violations to which plaintiff has been subjected since September 6, 2009, as a result of Senator Dianne Feinstein's letter to his office but has failed to take corrective measures. Id. and Exhibit C (copy of letter dated Sept. 6, 2009, on U.S. Senate letterhead and signed by Dianne Feinstein indicating that she has referred his letter regarding plaintiff's "difficulties with resentencing" to Gov. Schwarzenegger's office).

   Plaintiff claims that "[f]or 34 months and counting" he has been subjected to unlawful actions that have been in reckless disregard of his civil rights. AC, p. 6. He contends that defendants' actions have amounted to "premeditated criminal conspiracy, aggravated

assault...aggravated kidnapping...and premeditated reckless endangerment." Id. Plaintiff states that he "fears for his life," but, other than his claim that he is being unlawfully confined, fails to provide the basis for this fear. Id. Plaintiff seeks injunctive relief, without specifying that he is seeking release from prison. He also asks that his personal property "unlawfully confiscated" from him by unnamed CDCR officials be restored to him. Id. Confusingly, plaintiff claims he is "lawfully" in the custody of Santa Clara County. Id. at 11. Plaintiff's amended complaint will be dismissed with leave to amend.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

To the extent that plaintiff may be seeking a release from custody and in fact is challenging the validity of his confinement, which he certainly appears to be doing, plaintiff, as petitioner, must proceed on a habeas application, pursuant to 28 U.S.C. § 2254, naming the warden of California State Prison in Corcoran, where he is currently confined, as respondent.[1] To the extent that his challenge is to the sentencing or re-sentencing (or lack thereof) of a Santa Clara County Superior Court, his petition should be filed in the Northern District because while both the Fresno Division of the Eastern District (where plaintiff/petitioner is confined) and the Northern District (where he was convicted) have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary for the resolution of

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

petitioner's application are more readily available in Santa Clara County, within the jurisdiction of the United States District Court for the Northern District. Id. at 499 n.15; 28 U.S.C. § 2241(d).

To the extent that plaintiff wishes to proceed on an action pursuant to 42 U.S.C. § 1983, he must further amend his allegations to set forth specific, colorable allegations against named defendants who have actually subjected him to unconstitutional conditions of confinement and not simply name state officials for having allegedly illegally confined him. As any such defendants would appear to be associated with CSP-Corcoran, in Kings County, should plaintiff file a further amended complaint setting forth alleged violations within Kings County, part of the Fresno Division of the United States District Court for the Eastern District of California, see Local Rule 120(d), this court will transfer this case to the proper division, pursuant to Local Rule 120(f).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Miscellaneous Filings

This action was transferred with several motions pending: a motion for extension of time, filed on March 5, 2010, which will be denied as moot; a motion to appoint counsel; a motion for injunctive relief; and a "motion to compel defendants to discontinue unconstitutional restraining of plaintiff liberty."

Motion to Appoint Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Motion for Injunctive Relief

Plaintiff alleges that on July 12, 2010, he began to cough up blood, apparently for no reason. Motion, p. 1. Plaintiff claims that after waiting three hours to be seen, he was told to go back to his building without having been provided with adequate health care by unnamed CSP-Corcoran medical staff. Id. When the same symptoms recurred the next day, plaintiff was taken to the facility emergency room and finally seen after four hours by a Dr. Moon, who simply told him to drink more water. Id., at 1-2.

On July 14, 2010, plaintiff had the same symptom and was this time seen by a nurse practitioner named Boondoc, who while examining him, became argumentative without providing him with any medical care. Id. at 2. On July 19, 2010, plaintiff was seen by a Dr.

1 Rim, explained his medical problems and was diagnosed with TB.  Id.  Plaintiff was transported
2 to San Joaquin Community Hospital that day.  Id.  During his seven-day stay at the hospital, after
3 a battery of tests were conducted, plaintiff was found to have been misdiagnosed and without
4 TB-related complications.  Id.

5 Plaintiff then goes on to allege that he has been subjected to a campaign of
6 harassment for having contacted internal affairs about custody staff smoking in the unit area.
7 Motion, p. 2.  Plaintiff alleges that he has written defendant Warden Lopez several times to tell
8 him that his staff has been smuggling contraband into the prison and subjecting plaintiff to an
9 unreasonable health risk by smoking in the inmates' housing area.  Id. at 3.  Plaintiff states that
10 he was approached by a Correctional Officer (C/O) Williams about having written the warden
11 and told to "remember who serve you your food."  Id.  When plaintiff told C/O Medina about his
12 concerns and fears, she told him that they did not like inmates who write to the warden about
13 what staff is doing.  Id.  When plaintiff complained about the smoking and staff tampering with
14 his food, she stated: "Now you know what we like and dislike back here."  Id.

15 Plaintiff further contends that he has become a target since Williams and Medina
16 became agitated with him for writing defendant Lopez.  Motion, p. 2.  Plaintiff claims that during
17 his last day at the hospital on July 25, 2010, when he asked C/O Blevins not to serve him food
18 without gloves on, Blevins returned with a Sergeant Steward and both of his arms and one leg
19 were secured to the bed for four hours.  Id., at 3.  Plaintiff claims that he is currently being held
20 in an isolated medical cell for a condition from which he does not suffer, TB.  Id.  He believes he
21 became sick after having his food tampered with with bleach and other hazardous products.  Id.
22 Plaintiff seeks the court's assistance, claiming to be in fear for his life.  Id.

23 *Preliminary Injunctive Relief Legal Standard*

24 "The proper legal standard for preliminary injunctive relief requires a party to
25 demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
26 in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element *Winter* test." Alliance for Wild Rockies v. Cottrell, No. 09-35756, 10855, 10865 (9th Cir. July 28, 2010) "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

*Discussion*

In this instance, plaintiff does not have a colorable complaint, the merits of which this court could even evaluate. Nor within the underlying allegations that he did make did plaintiff name any of the individuals as defendants other than defendant Lopez. In the context of naming defendant Lopez, plaintiff failed to set forth the allegations that he makes within his motion for preliminary injunctive relief. Plaintiff has simply provided an insufficient basis for this court to issue any form of injunctive relief at this point and the motion will be denied, but without prejudice to the filing of a complaint with cognizable claims and an adequately supported motion for preliminary injunctive relief.

Motion to Compel Defendants to Discontinue Unconstitutional Restraint of Liberty

Plaintiff's request that he be transferred to Santa Clara County for re-sentencing must be disregarded as inapposite within the pending action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The original complaint is superseded by the amended complaint, filed on March 24, 2010;

2. The amended complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed;

3. Plaintiff's motion for an extension of time, filed on March 5, 2010 (docket # 5), is denied as moot;

4. Plaintiff's motion to appoint counsel, filed on July 8, 2010 (docket # 20) is denied;

5. Plaintiff's motion for injunctive relief, filed on August 4, 2010 (docket # 22), is denied without prejudice; and

6. Plaintiff's motion to compel defendants to discontinue unconstitutional restraint of plaintiff's liberty, filed on August 19, 2010 (docket # 23), is denied as inapposite.

DATED: October 7, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
evan2453.b+