IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EVANS, Jr.,

        Plaintiff,                  No. CIV S-10-2453 GGH P

    vs.

EDMUND G. BROWN, Jr., et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner incarcerated at California State Prison - Corcoran. This action commenced on February 10, 2010, in the Northern District of California where it was construed as an action under 42 U.S.C. § 1983, but was transferred to this court only as of September 10, 2010. Plaintiff has consented to the jurisdiction of the undersigned. Docket # 29. By order, filed on October 7, 2010, plaintiff's amended complaint was dismissed with leave granted to further amend. Plaintiff has filed a second amended complaint; however, therein he has failed to cure the defects of the amended complaint and the court will now dismiss the case without further leave to amend.

        As plaintiff was previously informed, this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion

1

thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff once again names as defendants: California Attorney General Edmund G. Brown, Jr.; California Department of Corrections and Rehabilitation (CDCR) Matthew Cate; California State Prison - Corcoran (CSP-Cor) Warden Raul Lopez; and Governor Arnold Schwarzenegger. Second Amended Complaint (SAC), docket # 31, pp. 1-3. Plaintiff also again claims that defendant Brown illegally circumvented a court order, on November 1, 2007, by issuing erroneous and fraudulent information to CDCR officials to unlawfully detain plaintiff in prison after his sentence had been vacated and remanded. Id. at 3-4. This time plaintiff alleges that the United States Supreme Court had invalidated California's D.S. L., by which he presumably means, the Determinate Sentencing Law, as unconstitutional, on January 21, 2007. Id. at 3. Based on this claimed mandate, plaintiff alleges that the Sixth District Court of Appeals on May 30, 2007, vacated the sentence in his abstract of judgment and remanded for re-sentencing to the Santa Clara County Superior Court. Id. at 4.

Thus, plaintiff continues to claim that defendant Cate has been detaining him since May 30, 2007, without a lawful abstract of judgment setting forth his sentence [or re-sentence]. SAC, p. 4. Plaintiff again alleges that defendant Lopez is currently housing plaintiff at CSP-Corcoran, subjecting him to punitive CDCR policies, actions and decisions without a lawful abstract of judgment showing his sentence. Id. Plaintiff's claim as to defendant Schwarzenegger is also repeated from his earlier complaint that, as governor, he oversees all state agencies and is legally responsible for ensuring that state facilities and agencies comply with state and federal laws.[1] Id. Plaintiff claims that defendant Schwarzenegger has been aware of the civil rights violations to which plaintiff has been subjected since September 6, 2009, as a result of Senator Dianne Feinstein's letter to his office but has failed to take corrective measures. Id.

Plaintiff claims that he is challenging the unconstitutional conditions of his

---

[1] At this point, Arnold Schwarzenegger is no longer governor.

confinement pursuant to 42 U.S.C. § 1983 since May 30, 2007. SAC, p. 5. He seeks injunctive relief in the form of being returned to Level 2 custody level, the level he was in when his sentence was vacated and remanded, and asks to be released from SHU (security housing unit) status; he also asks for the return of all of his (unidentified) lost and confiscated personal property. Id. Plaintiff also seeks compensatory and punitive money damages. Id.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Plaintiff continues to challenge the validity of his confinement. He cannot circumvent this by simply claiming to be challenging generally the conditions of his confinement. As he was previously informed to challenge the basis of the judgment by which he is being incarcerated he must, as petitioner, proceed on a habeas application, pursuant to 28 U.S.C. § 2254, naming the warden of California State Prison in Corcoran, where he is currently confined, as respondent.[2] The court again reiterates that to the extent that his challenge is to the sentencing or re-sentencing (or lack thereof) of a Santa Clara County Superior Court, his petition should be filed in the Northern District because while both the Fresno Division of the Eastern District (where plaintiff/petitioner is confined) and the Northern District (where he was convicted) have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary for the resolution of petitioner's application are more

---

[2] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

4

readily available in Santa Clara County, within the jurisdiction of the United States District Court for the Northern District. Id. at 499 n.15; 28 U.S.C. § 2241(d).

Plaintiff has failed to amend his allegations appropriately to proceed on an action pursuant to 42 U.S.C. § 1983, and he has been provided ample opportunity to do so. As plaintiff was directed in the prior order, in order to proceed under § 1983, his allegations must set forth specific, colorable allegations against named defendants who have actually subjected him to unconstitutional conditions of confinement and not simply name state officials for having allegedly illegally confined him. Plaintiff was informed that, as any such defendants would appear to be associated with CSP-Corcoran, in Kings County, if he filed a further amended complaint setting forth alleged violations within Kings County, part of the Fresno Division of the United States District Court for the Eastern District of California, see Local Rule 120(d), this court would transfer this case to the proper division, pursuant to Local Rule 120(f). However, plaintiff has failed to cure the defects of his prior amended complaint and the court will now dismiss this action.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

1  Accordingly, IT IS ORDERED that this case be dismissed.
2  DATED: January 18, 2010
3
4  /s/ Gregory G. Hollows
   
   GREGORY G. HOLLOWS
5  UNITED STATES MAGISTRATE JUDGE
6  GGH:009
   evan2453.ord
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26